BEFORE THE FIRST DIVISION, SEPTEMBER 6, 1957

**No. 61191.**—Metropolitan Metal Sponge Mfg. Co. *v.* United States, protest 289491–K (New York).

OLIVER, Chief Judge: This protest relates to certain merchandise described on the invoice as "Draka Plastic Sponges." The articles were classified, by similitude, as sponges of cellulose compound, with an assessment of duty at the rate of 45 per centum ad valorem under paragraphs 31 (b) (2) of the Tariff Act of 1930, as modified by T. D. 52373, supplemented by T. D. 52462, and paragraph 1559 of the Tariff Act of 1930, as amended by Public Law 768, section 201 (68 Stat., part 1, p. 1137). The statutory provisions invoked by the collector read as follows. Paragraph 31 (b) (2), as modified, *supra*, so far as pertinent, provides for—

All compounds of cellulose (except cellulose acetate, but including pyroxylin and other cellulose esters and ethers), and all compounds, combinations, or mixtures of which any such compound is the component material of chief value:

Made into finished or partly finished articles of which any of the foregoing is the component material of chief value, not specially provided for:

Sponges_____ 45% ad val.

Paragraph 1559, as amended, *supra*, as it relates to classification by similitude, provides as follows:

PAR. 1559. (a) Each and every imported article, not enumerated in this Act, which is similar in the use to which it may be applied to any article enumerated in this Act as chargeable with duty, shall be subject to the same rate of duty as the enumerated article which it most resembles in the particular before mentioned; and if any nonenumerated article equally resembles in that particular two or more enumerated articles on which different rates of duty are chargeable, it shall be subject to the rate of duty applicable to that one of such two or more articles which it most resembles in respect of the materials of which it is composed.

Plaintiff's principal claims are for classification either, by similitude, as rubber sponges, under the provision in paragraph 1537 (b) of the Tariff Act of 1930, for manufactures wholly or in chief value of india rubber or gutta-percha, not specially provided for, and the provisions of paragraph 1559 (a), as amended, *supra*, dutiable at the rate of 25 per centum ad valorem; or as nonenumerated manufactured articles under paragraph 1558 of the Tariff Act of 1930, as modified by T. D. 52739, supplemented by T. D. 52827, dutiable at 10 per centum ad valorem. Other claims alleged in the protest were neither stressed during the trial nor discussed in the briefs of counsel for the respective parties. Reference thereto is deemed unnecessary.

In addition to the testimony of the owner of the plaintiff company, the record also contains three samples of merchandise, consisting of one of the sponges in question (plaintiff's exhibit 1), a cellulose sponge (plaintiff's exhibit 2), and a rubber sponge (plaintiff's exhibit 3). All of the proof was offered by plaintiff. Following is a summary of the record.

All of the sponges in evidence (plaintiff's exhibits 1, 2, and 3, *supra*) are generally used for cleaning purposes. The articles under consideration (plaintiff's exhibit 1) are made of a synthetic material called "polyurethane" and are commonly known as "plastic foam sponges." They lack absorbent qualities and are particularly adaptable for cleaning purposes when dry. The cellulose sponge (plaintiff's exhibit 2) has a high degree of absorbency. It is used in households around the kitchen and other places. The rubber sponge (plaintiff's exhibit 3) is much like the merchandise under consideration in its absorbent qualities and manner and mode of use. The uncontradicted testimony shows that the imported plastic foam sponge (plaintiff's exhibit 1, *supra*) and the rubber sponge (plaintiff's exhibit 3, *supra*) are interchangeable in use, which is not true of the cellulose sponge (plaintiff's exhibit 2, *supra*) and the said plastic foam sponge.

That all of the sponges under discussion, as hereinabove identified, are generally used for cleaning purposes is not sufficient to invoke the principle of classification by similitude of use. Such a condition is merely a superficial likeness that does not satisfy requirements of the statute, paragraph 1559, as modified, *supra*. For classification by similitude of use, there must be a substantial sameness in the method of use and the effect, or productive result, of two comparable products. This principle was expressed in *Pickhardt* v. *Merritt*, 132 U. S. 252, which involved the matter of similitude by use as it related to imported coal-tar colors or dyes and a tariff provision for aniline dyes. Referring to both classes of articles, the Court said that "the mere application to the dyeing of fabrics would not create the similitude," but "if there was a similitude in the mode of use, a similitude in the same kind of dyeing, producing the same colors in substantially the same

way, so as to take the place of aniline dyes in use, there would be a similitude in use."

On the basis of the record before us and consistent with the principle enunciated in the *Pickhardt* v. *Merritt* case, *supra*, we find that there is similitude in use between the imported "plastic foam" sponge (exhibit 1, *supra*) in question and the rubber sponge (exhibit 3, *supra*). The uncontradicted testimony before us establishes that those two products "lack absorbency," that they are effective for cleaning purposes when used dry, and that they are interchangeable in use. This does not apply to the cellulose sponge (exhibit 2, *supra*), which formed the basis for the collector's classification of the sponges in question, by similitude, under paragraphs 31 (b) (2) and 1559, as amended, *supra*.

For all of the reasons hereinabove set forth, we hold the articles in question, described on the invoice as "Draka Plastic Sponges," to be properly classifiable, by similitude in use to rubber sponges, as manufactures wholly or in chief value of india rubber, not specially provided for, under paragraphs 1537 (b) and 1559, as amended, *supra*, carrying a duty assessment at the rate of 25 per centum ad valorem, as claimed by plaintiff.

The protest is sustained and judgment will be rendered accordingly.